[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11229

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LORENDA CARTER,
a.k.a. Lorenzo Carter,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cr-00179-RDP-JHE-1

_____

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Lorenda Carter appeals the district court's denial of his motion for compassionate release under 18 U.S.C. section 3582(c)(1)(A). He argues that the district court abused its discretion in denying his motion because it failed to consider his underlying medical conditions, overlooked his age and non-violent offense, and did not weigh the 18 U.S.C. section 3553(a) factors. After careful review, we affirm the district court's denial of Carter's motion because he failed to show any extraordinary and compelling reasons for a reduction of his sentence.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In June 2020, Carter pleaded guilty to possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. section 924(c)(1)(A). Before his sentencing hearing, Carter filed two motions. His first was a motion for commitment to a rehabilitation facility, in which he requested a transfer from Talladega County Jail due to his declining health. He explained that his various health conditions—especially his Hepatitis C, which exposed him to a risk of developing cirrhosis—required proper treatment that was not available at the jail. His second was a motion for compassionate release, in which Carter requested home confinement pending his sentencing due to the COVID-19 pandemic and his chronic illnesses. Carter again specifically identified his Hepatitis

C and risk of cirrhosis, among other conditions. Carter wrote that he was susceptible to a heightened risk of serious complications from COVID-19 because of his medical conditions and the jail's lack of preventive measures.

The district court sentenced Carter to 120 months' imprisonment, followed by 24 months of supervised release. After sentencing, on December 2, 2020, the district court denied both of Carter's motions, finding that his first motion was moot because he was no longer being held at the Talladega County Jail, and that his second motion failed for lack of administrative exhaustion.

Carter then filed a third motion for compassionate release, which is the operative motion here. He stated that he was 65 years old, he had maintained "a relatively clear conduct record," he had served approximately one third of his sentence, and compassionate release was warranted because the COVID-19 pandemic was "unrelenting." Carter argued that his "[p]ost-[COVID-19] symptoms and conditions [were] affecting his chronic underlying conditions." He asserted that the Bureau of Prisons (BOP) had downplayed the severity of the lingering symptoms caused by COVID-19 infections, as was the case for Carter. He explained that he continued to suffer from breathing issues, chest pains, anxiety, worsening Hepatitis C, uncontrolled diabetes, irregular blood pressure, and congestive heart failure.

The district court denied Carter's motion. It noted that FCI Terre Haute, where Carter was incarcerated, had no inmates or staff who had currently tested positive for COVID-19 and that,

although Carter's motion implied that he had contracted COVID-19, he did not state whether he had received the COVID-19 vaccination that had been made available to all inmates. The district court explained that "[n]either fear of contracting COVID-19, nor non-debilitating, lingering symptoms is a . . . basis on which a court may reduce a sentence." "[T]he availability of COVID vaccinations has substantially diminished [Carter's] risk for serious illness from COVID-19," the district court explained, and "Carter does not have a terminal illness, and he has not demonstrated that his ability to provide self-care within the environment of a correctional institution has been substantially diminished."

Carter appeals the denial of his third compassionate release motion.

## STANDARD OF REVIEW

"We review *de novo* [] determinations about a defendant's eligibility for a [s]ection 3582(c) sentence reduction[.]" *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). If eligibility is established, then we review the district court's denial for an abuse of discretion. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (citation omitted).

## DISCUSSION

On appeal, Carter argues that the court abused its discretion in denying his motion because it (1) failed to consider his underlying medical conditions, (2) overlooked his age and non-violent offense, and (3) did not weigh the section 3553(a) factors. Carter contends that the district court did not consider his post-COVID symptoms and medical issues, nor did it adequately weigh his request for home confinement. He requests that we consider these factors and remand his motion to the district court for a comprehensive review.

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under section 3582(c). *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015); 18 U.S.C. § 3582(c). As amended by the First Step Act, that section now provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons

> warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

As we have explained, to grant a reduction under section 3582(c)(1)(A), district courts must find that the following three necessary conditions are satisfied: "support in the [section] 3553(a) factors, extraordinary and compelling reasons, and adherence to [guideline section] 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). District courts do not need to address these three conditions in any particular sequence, and a defendant's failure to satisfy any one of them forecloses a sentence reduction. *Id*. at 1237.

The policy statement applicable to section 3582(c)(1)(A) is found in section 1B1.13. *See* U.S.S.G. § 1B1.13 (Nov. 2021). At the time the district court denied Carter's third compassionate release motion, the commentary to section 1B1.13 explained that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community. *See id*. cmt. n.1.[1] The commentary lists a prisoner's medical

---

[1] Since the district court denied Carter's third compassionate release motion, the Sentencing Commission has amended section 1B1.13, but we apply the version of the guidelines in effect on the date the district court made its decision. *See United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011) ("In reviewing the district court's application of the Guidelines, this Court applies

22-11229                Opinion of the Court                7

condition as a possible extraordinary and compelling reason warranting a sentence reduction if he: (1) has a terminal disease; or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.* cmt. n.1(A). We have held that "the confluence of [a prisoner's] medical conditions and COVID-19" does not constitute an extraordinary and compelling reason warranting compassionate release where the prisoner's underlying medical conditions do not meet the criteria in section 1B1.13. *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

Here, the district court did not abuse its discretion in denying Carter's motion for compassionate release because Carter did not present any extraordinary or compelling reasons justifying his release. *See Harris*, 989 F.3d at 911. The court properly found that Carter's health conditions did not constitute an extraordinary and compelling reason for his relief because Carter did not show that he was suffering from a terminal disease or that these conditions impair his ability to care for himself while in prison. *See* U.S.S.G. § 1B1.13 cmt. n.1(A); *Giron*, 15 F.4th at 1346–47. To the extent that Carter asserts that it was error in overlooking the section 3553(a) factors, the district court did not have to consider these factors because Carter failed to present extraordinary and compelling reasons justifying a reduction. *See Tinker*, 14 F.4th at 1237. For this

the version of the guidelines in effect on the date of the sentencing hearing." (cleaned up)). Thus, all references to the guidelines will be to the November 2021 version.

same reason, we need not consider whether the section 3553(a) factors weigh in his favor because his failure to show an extraordinary and compelling reason for his release is dispositive. *See id.* at 1237–38. Accordingly, we affirm the denial of Carter's third motion for compassionate release.

**AFFIRMED.**